Filed 10/3/24  P. v. Thomas CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083904 |
| v. | (Super.Ct.No. RIF081220) |
| RICKY LYNN THOMAS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jennifer R. Gerard, Judge.  Affirmed.

Ricky Lynn Thomas, in pro. per.; and Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Ricky Lynn Thomas appeals from the trial court's order denying motions for discovery and an evidentiary hearing under the Racial Justice Act (RJA). (Pen. Code,[1] § 745.) For the reasons set forth *post*, we affirm.

## STATEMENT OF THE CASE

On June 30, 1998, a warrant for defendant's arrest was issued for an offense that occurred on or about December 12, 1997. "The defendant's whereabouts were unknown until his arrest on April 27, 1999, in the state of Texas, for allegations of felony Sexual Assault and Attempt to Commit Capital Murder [in Texas]. He was sentenced to 25 years in state prison. The defendant was transported in custody to Riverside County on December 14, 2001."

On May 12, 2003, defendant pled guilty to rape by force under section 261, subdivision (a)(2) (count 1); failing to register as a sex offender under section 290, subdivision (g)(2) (count 2); and penetration with a foreign object under section 289 (count 4). Defendant also admitted a one-year prison prior sentencing enhancement under section 667.5, subdivision (b), and a strike prior sentencing enhancement under sections 667, subdivisions (c), (e)(1) and 1170.12, subdivision (c)(2). In exchange for his guilty plea, the parties agreed to a dismissal of count 3 (failure to register as a sex offender under section 290, subdivision (g)(2)), and the one-year prison prior and strike prior sentencing enhancements. The parties also agreed that defendant would receive a sentence of 34 years eight months in state prison, consecutive to his present commitment.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

At the sentencing hearing on June 20, 2003, the trial court sentenced defendant to 33 years four months, instead of the agreed-upon term of 34 years eight months; ordered that defendant's sentence run consecutive to the sentence he was already serving in Texas; dismissed count 3, and struck the strike prior. The court noted that defendant had a ruptured eardrum and directed the jail doctor to examine defendant to make a determination as to defendant's safety to fly on an airplane back to Texas.

A.      MOTION FOR VIOLATION OF RJA

Almost 21 years later, on March 29, 2024, defendant filed a "Motion Alleging a Violation of the RJA Pursuant to PC 745" and included a request for discovery. In the motion, defendant alleged violations under section 745, subdivisions (a)(4)(A), and (a)(4)(B).

On April 29, 2024, the trial court denied defendant's motion. In its order, the court stated as follows:

"Defendant fails [to] state any facts to make a prima facie showing of a violation. Bare conclusory remarks do not establish a substantial likelihood that a violation occurred. (See *People v. Karis* (1988) 46 Cal.3d 612, 656 [in habeas context, conclusory allegations do not establish a prima facie showing].) Defendant claims that a longer or more severe sentence was imposed due to his race and the race of the victim as compared to victims and perpetrators of other races. Specifically, Defendant contends the prosecution coerced him into a plea which was made under duress by the prosecution and he was not fully able to understand because he is hearing impaired. However, Defendant

3

fails to state any facts under 745(a)(4)(A) and 745(a)(4)(B). Thus[,] Defendant fails to make a prima facie showing of a violation[.]

"Accordingly, defendant has failed to make a prima facie showing for relief, and the motion is summarily denied."

On May 16, 2024, defendant filed a timely notice of appeal.

B.     <u>MOTION FOR DISCOVERY</u>

On May 14, 2024, defendant filed a "Motion for Discovery in Anticipation of Filing a Petition for a Writ of Hab[ea]s Corpus Pursuant to Penal Code section 1054.9." (All caps omitted.)

On May 29, 2024, the trial court filed a written order denying defendant's "Petition for Writ of Habeas Corpus." The trial court checked the box indicating that the denial was based on defendant's failure "to state a prima facie factual case supporting the petitioner's release. (Cal. Rules of Court, rule 4.551(c).) While the petition states a number of factual conclusions, these broad conclusions are not backed up with specific details, and/or are not supported by the record in the case." In addition, the court attached a written opinion indicating that it was denying defendant's motion. The court's denial was based on the same reasons set forth in its previous written order, as provided *ante*. The trial court stated that it was also denying defendant's request for discovery, finding there were no facts making "'a plausible case, based on specific facts, that any of the four enumerated violations of section 745, subdivision (a) could or might have occurred.'"

4

On June 14, 2024, defendant filed a timely appeal.

**DISCUSSION**

Counsel has filed a brief under the authorities of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and *Anders v. California* (1967) 386 U.S. 738 (*Anders*).  In the brief, pursuant to *Anders*, appellate counsel has identified the following issues to assist the court in its search of the record for error:

1.      "Whether the court properly denied [defendant's] petition for relief pursuant to Penal Code section 745."  (Bold omitted.)

2.      "Whether the trial court properly denied [defendant's] request for discovery pursuant to Penal Code section 745."  (Bold omitted.)

3.      "Whether the record support's [*sic*] a claim of ineffective assistance of counsel on grounds that defense counsel did not properly inform [defendant] the sentence would run consecutive, and consequently, that he would not receive any presentence credits."  (Bold omitted.)

Although this appeal is not subject to *Wende* review because it is not a direct appeal from a criminal conviction (*People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*)), we have treated this appeal as a *Delgadillo* appeal and sent a notice to defendant regarding the filing of a *Delgadillo* brief, as follows:  "Counsel for appellant has filed a brief stating no arguable issues can be found.  Because this is an appeal from the denial of a post-conviction proceeding, this court is not required to conduct an independent review of the record but may do so in its discretion.  (*People v. Delgadillo*

5

(2022) 14 Ca1.5th 216 []; *People v. Serrano* (2012) 211 Ca1.App.4th 496.) The appellant is personally granted 30 days to file any supplemental brief deemed necessary. If appellant files a supplemental brief, this court will evaluate the specific arguments presented in that brief in its opinion. (*Delgadillo*, *supra*, 14 Ca1.5th 216[].) Failure to timely file a supplemental brief may result in the dismissal of the appeal as abandoned."

On August 12, 2024, defendant filed a six-page handwritten supplemental brief with exhibits. In the brief, defendant raises numerous issues.

First, defendant contends that he accepted his plea agreement "based on misadvisement." Defendant states that since he "was misadvised by counsel and the court, defendant and appellant should be allowed to withdraw his plea." Defendant also contends that section 654 "should have been used to run defendant and Appellant case [*sic*] concurrently."

This appeal, however, is not an appeal from defendant's conviction or sentencing in the underlying case. Instead, it is from the trial court's denial of defendant's motion for relief due to discrimination and motion for discovery in anticipation of filing a petition for a writ of habeas corpus. In his declaration in support of his motion for discovery, defendant wrote that "[i]t is necessary for petitioner to get the necessary records mentioned in the writ of habeas corpus and data above to review for issues pertaining to the [RJA]." Defendant's arguments are not cognizable in a proceeding regarding the RJA. Our review on this appeal is limited to the trial court's ruling on the RJA motion or motion for discovery.

Next, defendant appears to contend that the trial court erred in denying both of his motions at the prima facie stage without an evidentiary hearing. We disagree. In denying defendant's motion for relief under the RJA, the court wrote the following order:

"THIS COURT, having read and considered defendant's Motion for Relief Due to Discrimination pursuant to Penal Code section 745, hereby denies the motion.

"California's [RJA], codified in section 745, provides, 'The state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin.' (§ 745, subd. (a).) The court must hold a hearing if the defendant makes a prima facie showing that a violation occurred. (§ 745, subd. (c).) 'A "prima facie showing" means that the defendant produces *facts* that, if true, establish that there is a substantial likelihood that a violation of subdivision (a) occurred. For purposes of this section, a "substantial likelihood" requires more than a mere possibility, but less than a standard of more likely than not.' (§ 745, subd. (h)(2), emphasis added.)

"Defendant cites a violation under sections 745(a)(4)(A) and 745(a)(4)(B) and requests discovery pursuant to the [RJA]. The court will address these two claims.

"Defendant fails [to] state any facts to make a prima facie showing of a violation. Bare conclusory remarks do not establish a substantial likelihood that a violation occurred. (See *People v. Karis* (1988) 46 Cal.3d 612, 656 [in habeas context, conclusory allegations do not establish a prima facie showing].) Defendant claims that a longer or more severe sentence was imposed due to his race and the race of the victim as compared to victims and perpetrators of other races. Specifically, Defendant contends the

7

prosecution coerced him into a plea which was made under duress by the prosecution and he was not fully able to understand because he is hearing impaired. However, Defendant fails to state any facts under 745(a)(4)(A) and 745(a)(4)(B). Thus, Defendant fails to make a prima facie showing of a violation.

"Accordingly, defendant has failed to make a prima facie showing for relief, and the motion is summarily denied.

"For the foregoing reasons the motion is denied." (Footnote omitted.)

In denying defendant's motion for discovery, the court attached the same order cited above.

We agree with the trial court that defendant, in both of his motions, failed to state any facts to make a prima facie showing of a violation under the RJA. Therefore, we find defendant's arguments to be without merit.

Additionally, defendant appears to be arguing that this court can stay the appeal and remand to the trial court for an RJA motion to be filed under section 745, subdivision (b). Section 745, subdivision (b), however, does not apply to defendant on this appeal.

Section 745, subdivision (b), states that "[a] defendant may file a motion pursuant to this section, or a petition for writ of habeas corpus or a motion under Section 1473.7, in a court of competent jurisdiction, alleging a violation of subdivision (a). For claims based on the trial record, a defendant may raise a claim alleging a violation of subdivision (a) on direct appeal from the conviction or sentence. The defendant may also

8

move to stay the appeal and request remand to the superior court to file a motion pursuant to this section."

Section 745, subdivision (b), hence, applies when a defendant is appealing from the underlying case. This is not an appeal from defendant's underlying conviction or sentence.

Finally, defendant claims that his appellate counsel "was ineffective" for "not raising arguable issues on appeal." Appellate counsel's filing of a *Delgadillo* brief does not violate either the United States or California Constitution and does not constitute ineffective assistance of counsel. (*People v.* Kelly (2006) 40 Cal.4th 106, 119.) Moreover, defendant has failed to demonstrate any prejudice based upon his claim of defective representation by counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 697; see *In re Crew* (2011) 52 Cal.4th 126, 150.)

Based on the above and our independent review of the record, we find that the trial court correctly determined defendant is ineligible for relief. (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.)

**DISPOSITION**

The trial court's orders are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.

10